**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RONALD E. HUFFMAN, Trustee of the Ronald E. Huffman Revocable Living Trust,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **LEE COHEN, an individual; GORDONA DUCA, INC., an Oklahoma corporation; COLDWELL BANKER RADERGROUP, an Oklahoma corporation; SITTON PROPERTIES, L.L.C., a Missouri Limited Liability Company; MIKE SITTON, an individual; and WILLIAM F. RICHERT, an individual,** <br><br> **Defendants.** | Case No. 07-CV-702-TCK-PJC |

**OPINION AND ORDER**

Before the Court are Defendants' motions to reconsider (Docs. 87 and 88), in which Defendants move the Court to reconsider certain rulings in its April 29, 2009 Opinion and Order ("Order"). The Order granted in part and denied in part Defendants' motions for summary judgment.[1] The Order did not adjudicate all claims and was not a final order or judgment within the meaning of the federal rules; therefore, the rulings in the Order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).[2]

---

[1] The Order (Doc. 82) is incorporated herein by reference. All short names used herein are identified in the Order.

[2] Plaintiff incorrectly argued that Defendants' motions to reconsider must be construed as motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

      A.      <u>Defendants' Joint Motion to Reconsider Motion for Summary Judgment (Doc. 88)</u>

Defendants move the Court to find as a matter of law that: (1) Cohen was at all times a transactional broker based on the label in the written agreements; (2) the court erroneously stated on pages 13, 17, 22, and 26 of its Order that Cohen owes Huffman "advocacy" duties that are not set forth by Oklahoma statute; (3) the statutory duty to treat Plaintiff with "honesty" is vague and deprives Defendants of due process; and (4) Huffman knew or should have known the values of the Tulsa Tract and Grove Tract because they were a matter of public record; (5) Plaintiff has not created a question of fact as to fraud committed by Sitton and Richert; (6) Cohen had no legal duty to perform an investigation of values; and (7) Huffman has not created a question of fact as to the "discovery" rule. The first, fourth, fifth, sixth, and seventh arguments were made in the initial briefs, are adequately discussed in the Order, and will not be addressed. The second and third arguments are new and will be briefly discussed.

      1.      <u>"Advocacy" Duties</u>

Defendants argue that, whether Cohen is ultimately considered a single-party broker or transactional broker, the only duties Cohen owes are those owed pursuant to Oklahoma statutes. The Court agrees with this proposition of law. However, the Court disagrees that use of the word "advocate" in certain portions of the Order is inconsistent with the statutory definition and duties of a single-party broker. *See* Okla. Stat. tit. 59, § 858-354(4)(e) (2000) (single-party broker has the duty to "perform[] all brokerage activities for the benefit" of his client); *id.* § 858-351(3) (2000) (defining single-party broker as a broker "who has entered into a written brokerage agreement . . . to provide services for the benefit of that party"); *cf. id.* § 858-351(5) (2000) (defining a "transaction broker" as a "broker who provides services by assisting a party in a transaction without being an

advocate for the benefit of that party"). Accordingly, the Court finds no need to revise or amend these portions of the Order.

### 2. Vagueness of Duty to "Treat All Parties With Honesty"

Defendants contend that realtors' duties "[t]o treat all parties with honesty," as contained in ORELC, must be declared void for vagueness. Under Oklahoma law, the "test of vagueness is whether the language of the enactment conveys, with respect to conduct one is expected to follow, sufficiently definite warning so that men of common intelligence or understanding will not have to guess at the statute's meaning." *In re Daniel*, 591 P.2d 1175, 1177 (Okla. 1979). "In applying this test and reviewing any statutory language that is challenged as vague, it is proper to consider the purpose of the statute, and the legitimate interest that the state is seeking to protect by the statute." *Lodes v. State ex rel. Okla. Real Estate Comm'n*, 837 P.2d 925, 926 (Okla. Civ. App. 1992). "[P]rovisions dealing with business or financial transactions will be judged by whether they are clearly stated and understandable by an ordinary person in a commercial context." *Id.* (quotations omitted).

The Oklahoma Court of Civil Appeals has explained that "[o]ne of the long-recognized purposes of Oklahoma's real estate licensing law is the regulation of the business of selling real estate for a fee or commission for the protection of those members of the public who wished to buy real estate or owned property they wanted to sell." *Id.* With this statutory purpose in mind, the court held that ORELC's then prohibition on "untrustworthy, improper, fraudulent, or dishonest dealings" was not void for vagueness. *Id.* at 927 ("The language 'untrustworthy, improper, fraudulent, or dishonest dealings' conveys a sufficiently definite warning of this standard of conduct to a real

estate licensee of common intelligence and understanding. It is also sufficiently definite to prevent subjective, arbitrary and discriminatory enforcement.").

Since the court's decision in *Lodes*, ORELC has been amended to impose a duty upon both single-party and transaction brokers to "to treat all parties with honesty." The Court concludes that such a duty is clearly stated and understandable by an ordinary Oklahoma realtor. First, the Court adopts the *Lodes* analysis, which addressed the vagueness of a similar prohibition on generally dishonest dealings. Second, Defendants provided the Court with minimal argument as to why or how this duty could be misunderstood by Oklahoma realtors. The only example provided is that "a realtor who assures a homebuyer he or she would be at a closing at a certain time and runs late could be viewed as being 'dishonest' and thus subjected to liability under the statute." (Mot. to Reconsider 5.) This example is not persuasive. In light of the statutory purpose explained above, it is clear that a failure to treat a person with "honesty" refers to an intentional failure to treat a person with honesty, not an unintentional or innocent mistake. A realtor of ordinary intelligence would not be confused or misled as to whether running late for a closing constitutes a violation of this statutory duty to treat persons with honesty. In accordance with *Lodes* and the ordinary meaning of "honesty," the Court finds that the challenged provisions of ORELC are not void for vagueness.

B.  <u>Defendant Gordona Duca Inc.'s Motion to Reconsider (Doc. 87)</u>

In its motion for summary judgment, Gordona Duca did not assert any specific undisputed facts related to the duration of its potential liability. Now, Gordona Duca moves the Court to hold, as a matter of law, that it may not be liable for any of Cohen's actions occurring after December 1, 2002. Huffman objects to the motion on grounds that (1) the motion is essentially a motion for summary judgment filed out of time, and (2) "to attempt to carve out the liability of GDI is

impractical and inconsistent" with Oklahoma law creating joint and several liability among joint tortfeasors, citing Okla. Stat. tit. 12, § 832 ("§ 832"). (Resp. to Mot. to Reconsider, Doc. 103 at 4.)[3] CBG did not file a response.[4]  In its reply, Gordona Duca agreed with Huffman that § 832 governs and that a jury will be required to "apportion the pro rata liability of each defendant in this case." (Reply to Mot. to Reconsider, Doc. 105, at 4.)  Based on the parties' apparent agreement on the law, the Court finds it unnecessary to make any specific rulings on this question at this time.  To the extent necessary, the Court will issue rulings on these issues at a subsequent time during trial.

Defendants' motions to reconsider (Docs. 87 and 88) are DENIED.

**ORDERED THIS 19th DAY OF JUNE, 2009.**

**TERENCE KERN
UNITED STATES DISTRICT JUDGE**

---

[3] On December 1, 2002, Gordona Duca sold its business to co-Defendant CBG, including all liabilities.

[4] CBG did not file an answer until late in the case and did not file a motion for summary judgment.